IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-CV-03127-WJM-GPG

Marty Stouffer and Marty Stouffer Productions, Ltd.;

      Plaintiffs,

v.

National Geographic Partners, LLC; NGSP, Inc.; NGHT, LLC, d/b/a National Geographic Digital Media; NGC Network US, LLC; and NGC Network International, LLC;

      Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

**March 13, 2019 at 10:30 am MST**

**Jeff Southerland and Alan Felts of Tuggle Duggins P.A., 100 N. Greene St., Ste. 600, Greensboro, NC 27401, 336-271-5251, on behalf of Plaintiffs Marty Stouffer and Marty Stouffer Productions, Ltd.**

**Jason Rosenberg, Sam Gunn, and Mary Grace Gallagher of Alston & Bird LLP, 1201 West Peachtree Street NW Ste. 4900, Atlanta, GA 30309, 404-881-7000 on behalf of Defendants National Geographic Partners, LLC, NGSP, Inc., NGHT, LLC, d/b/a National Geographic Digital Media, NGC Network US, LLC and NGC Network International, LLC (collectively, "NatGeo").**

### 2. STATEMENT OF JURISDICTION

**The Court has original subject matter jurisdiction over Plaintiffs' Federal**

Lanham Act Claims and Federal Copyright Act Claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338; and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a.     Plaintiffs:

Plaintiffs assert that Defendants have infringed Plaintiffs' registered trademark for the Wild America Mark and its copyright registration for certain episodes of Wild America. The Wild America Mark is used to indicate that Plaintiffs are the source of Wild America content. Defendants have infringed the Wild America Mark through the use of confusingly similar trademarks for programming such as America the Wild, Surviving Wild America, Untamed Americas (Wild America) and America's Wild Frontier.

Plaintiffs also assert that Defendants have engaged in unfair competition through their willful and knowing infringement of Plaintiffs' trademark and the misappropriation of the goodwill associated with Plaintiffs' brand, causing a likelihood of confusion for consumers as to the origin, affiliation, sponsorship or approval of Defendant's infringing television programs.

As a consequence of Defendants' infringement and activities, Plaintiffs assert claims for Federal Trademark Infringement, Trademark Dilution, Federal Copyright Infringement, Federal Unfair Competition, and Unfair Competition under Colorado law.

b.     Defendant(s):

**NatGeo denies Plaintiffs' factual allegations of wrongdoing, and denies that it is liable to Plaintiffs in any form or fashion.  As discussed more fully in its pending Motion to Dismiss pursuant to Rule 12(b)(6), NatGeo contends the NatGeo program titles *America the Wild, Untamed Americas, Surviving Wild America,* and *America's Wild Frontier* are protected expression under the First Amendment and therefore not subject to an infringement claim under the Lanham Act.  Moreover, NatGeo denies that there is any likelihood of confusion between Plaintiffs' Wild America program and mark, and any of the accused NatGeo programs or titles. NatGeo further denies that Plaintiffs' own protectable rights in the asserted trade dress and copyright interests, and, even assuming Plaintiffs do own such rights, denies that NatGeo has infringed or misappropriated any of Plaintiffs' rights in any manner whatsoever.  In the event that Plaintiffs' case is not dismissed in its entirety, NatGeo expects to assert a number of affirmative defenses, including waiver, acquiescence, estoppel, laches, and statutes of limitation.**

      c.    Other Parties:

**Not Applicable.**

### 4.  UNDISPUTED FACTS

The following facts are undisputed:

1. **Marty Stouffer Productions, Ltd. owns a federal trademark registration for the mark WILD AMERICA (U.S. Reg. No. 2,194,557), in standard character form, for "*entertainment services in the nature of a continuing television***

*series depicting animals and their habitat*" in International Class 41.

## 5.  COMPUTATION OF DAMAGES

### Plaintiffs' Statement:

Plaintiffs have suffered damage and injury to their business, reputation, and goodwill, and seek their actual damages/lost profits, compensatory damages not to exceed three times their actual damages and a disgorgement of Defendants' profits, reasonable attorney's fees and costs, and exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102.  Plaintiffs also seek injunctive relief pursuant to 15 U.S.C. § 1116. Plaintiffs assert that this case is an exceptional case pursuant to 15 U.S.C. § 1117.  Plaintiffs intend to retain expert assistance in determining the amount by which they have been damaged as a result of Defendants' conduct.

### Defendants' Statement:

NatGeo has not asserted a claim for damages but, in the event Plaintiffs' claims are not dismissed, will consider asserting a counterclaim based on Plaintiffs' trademark and copyright misuse. In connection with its defenses, NatGeo seeks an award of attorneys' fees and costs under 15 U.S.C. § 1117(a). NatGeo also requests a declaration that Defendant's use of its program titles, *America the Wild, Untamed Americas, Surviving Wild America,* and *America's Wild Frontier* do not infringe Plaintiff's WILD AMERICA mark and that its above-listed television programs do not infringe any of Plaintiffs' asserted trade dress or copyrights.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting.

**The Rule 26(f) conference occurred on January 31, 2019.**

b.      Names of each participant and party he/she represented.

**Jeffrey S. Southerland and Alan B. Felts of Tuggle Duggins P.A., 100 N. Greene St., Ste. 600, Greensboro, NC 27401, 336-271-5251, on behalf of Plaintiffs Marty Stouffer and Marty Stouffer Productions, Ltd.**

**Jason Rosenberg and Mary Grace Gallagher of Alston & Bird LLP, 1201 West Peachtree Street NW, Atlanta, GA 30309, on behalf of Defendants National Geographic Partners, LLC, NGSP, Inc., NGHT, LLC, d/b/a National Geographic Digital Media, NGC Network US, LLC and NGC Network International, LLC**

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

**The parties will exchange their respective Rule 26(a)(1) disclosures by March 6, 2019.**

**NatGeo requested that the parties allow themselves until March 6, 2019 to make their initial disclosures, to which Plaintiffs agreed.  NatGeo made its request because it determined at the outset of the case that much of the relevant information about the NatGeo programs at issue, and the individuals who NatGeo might use to support its defenses, would be difficult to locate, in**

**large part because many of the NatGeo programs were filmed many years ago,**

**and many of those involved no longer work for NatGeo.**

      d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

**As noted above, the parties will exchange their respective Rule 26(a)(1)**

**disclosures by March 6, 2019. The parties do not have any changes to the**

**requirements of disclosures under Rule 26(a)(1).**

      e.      Statement concerning any agreements to conduct informal discovery:

**The parties have no such agreement at this time.**

      f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

**The parties will make reasonable, good faith efforts to reduce costs and to**

**expedite the disposition of the case.  If required to do so by the Court, the**

**parties will use a unified numbering system.**

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

**The parties anticipate that there will be a fair amount of electronically stored information involved in this case.  The parties agree to work together in good faith to develop an agreed upon ESI protocol.**

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

**The parties engaged in pre-suit discussions in an attempt to settle and resolve the case. The parties may be interested in further mediations or settlement conferences assisted by the Court after both sides have had the opportunity to take adequate discovery.**

## 7.
## CONSENT

All parties      ☐ [have]   **X**   [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY
## LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**The parties propose 35 interrogatories per side.**

**The parties propose fact witness depositions of 10 per side in addition to depositions of any experts retained in this case.**

    b.    Limitations which any party proposes on the length of depositions.

**The parties propose seven hours of recorded testimony per deposition.**

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

**The parties propose no more than 50 requests for production and no**

**more than 50 requests for admission per side.**

    d.    Other Planning or Discovery Orders

**The parties will submit a proposed protective order for the protection of**

**business sensitive and confidential information.**

## 9.  CASE PLAN AND SCHEDULE

**NatGeo has filed a Motion to Stay Discovery Pending the Determination of its Motion to Dismiss.  If the Motion is granted, the Parties request that the Court allow them to submit a new proposed Case Schedule within seven (7) days of the Court's order on the Motion to Dismiss.**

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:

**Proposed Date:  April 26, 2019**

    b.    Discovery Cut-off:

**Proposed Date: January 24, 2020.**

    c.    Dispositive Motion Deadline:

**Proposed Date: April 10, 2020.**

    d.    Expert Witness Disclosure

        1.    The parties shall identify anticipated fields of expert testimony, if any.

**Plaintiffs may endorse an expert in the field of liability as it relates to the field of trademark infringement and/or copyright infringement. Plaintiffs**

**may also endorse a damages expert related to their claims.**

**Defendants expect to endorse an expert in the field of trademark infringement and/ or copyright infringement. Defendants also expect to engage an expert regarding the fame of the Wild America trademark. Finally, Defendants expect to endorse an expert in calculating the profits of television programs.**

2.      Limitations which the parties propose on the use or number of expert witnesses.

The Court will allow five (5) retained experts per side inclusive of rebuttal experts.

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

**Proposed Deadline: September 6, 2019**

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before :

**Proposed Deadline: November 15, 2019**

e.      Identification of Persons to Be Deposed:

**Following the parties' exchange of Rule 26(a)(1) disclosures on March 6, 2019, the parties will be in a position to update the Court on the names of people likely to be deposed in this matter.  The parties plan to depose any experts designated by the other party as well as any Rule 30(b)(6) witness(es) put forth by the parties. The parties are likely to depose further individuals identified in the course of discovery.**

f.      Deadline for Interrogatories:

**The parties agree that all interrogatories must be served on the opposing party in advance of the close of discovery such that responding party has the time proscribed by the Federal Rules of Civil Procedure to respond.**

g.      Deadline for Requests for Production of Documents and/or Admissions

**The parties agree that all Requests for Production of Documents and/or**

**Admissions must be served on the opposing party in advance of the close of**

**discovery such that responding party has the time prescribed by the Federal**

**Rules of Civil Procedure to respond.**

## 10.  DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:



12/9/2019 at 10 a.m. with USMJ Gallagher, telephone pre-approved.

b.      A final pretrial conference will be held in this case on _____at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b.      Anticipated length of trial and whether trial is to the court or jury.

**One week trial to a jury.**

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

**None.**

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___13___ day of ____March____, 20_19_.

BY THE COURT:

_____
United States Magistrate Judge
Gordon P. Gallagher

APPROVED:

/s/ Alan B. Felts
Alan B. Felts

Tuggle Duggins, P.A. - 100 N. Greene St.,

Ste. 600, Greensboro,NC 27401

336-271-5251

Attorney for Plaintiffs

/s/ Jason Rosenberg
Jason Rosenberg

Alston & Bird LLP-1201 West Peachtree Str. NW

Atlanta, GA 30309

404-881-7461

Attorney for Defendants