IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| MARTY STOUFFER and | ) | |
| MARTY STOUFFER PRODUCTIONS, LTD; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-cv-03127-WJM-GPG |
| | ) | |
| NATIONAL GEOGRAPHIC PARTNERS, LLC; | ) | |
| NGSP, INC.; | ) | |
| NGHT, LLC, d/b/a NATIONAL GEOGRAPHIC | ) | |
| DIGITAL MEDIA; | ) | |
| NGC NETWORK US, LLC; and | ) | |
| NGC NETWORK INTERNATIONAL, LLC; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 1

    I.    STOUFFER'S CLAIMS CONCERNING THE TITLES SHOULD BE
        DISMISSED UNDER THE *ROGERS* TEST AT THE PLEADINGS
        STAGE. .................................................................................................... 1

        A.    The Court Should Apply the *Rogers* Test. ............................................. 2

        B.    The Court Can and Should Apply the *Rogers* Test On a Rule
            12(b)(6) Motion. ....................................................................................... 7

    II.    STOUFFER'S UNFAIR COMPETITION CLAIMS RELATING TO
        HIS PUTATIVE TRADE DRESS SHOULD BE DISMISSED. ...................... 9

    III.    STOUFFER'S CLAIMS OF COPYRIGHT INFRINGEMENT
        SHOULD BE DISMISSED AT THE PLEADINGS STAGE
        BECAUSE HE CANNOT CLAIM THAT A SINGLE
        PROTECTABLE ELEMENT OF THE *WILD AMERICA* SERIES
        HAS BEEN COPIED. ............................................................................... 11

CONCLUSION ...................................................................................................................... 15

## TABLE OF AUTHORITIES

PAGE(S)

**CASES**

*Acker v. King*,
   46 F.Supp.3d 168 (D. Conn. 2014) ........................................................................12

*B.H. Bunn Co. v. AAA Replacement Parts Co.*,
   451 F.3d 1254 (5th Cir. 1971) .............................................................................10

*Brown v. Elec. Arts, Inc.*,
   724 F.3d 1235 (9th Cir. 2013) ...............................................................................4

*Brown v. Twentieth Century Fox Home Entm't*,
   2015 U.S. Dist. LEXIS 113560 (E.D. Ky. Aug. 27, 2015)......................................12

*Cardtoons, L.C. v. Major League Baseball Players Ass'n*,
   95 F.3d 959 (10th Cir. 1996) ..................................................................................3

*Clark v. Dashner*,
   No. 14-00965, 2016 U.S. Dist. LEXIS 92517 (D.N.M. June 30, 2016).................12

*Country Kids 'N City Slicks, Inc. v. Sheen*,
   77 F.3d 1280 (10th Cir. 1996) ........................................................................11, 14

*Feldman v. Twentieth Century Fox Film Corp.*,
   723 F.Supp.2d 357 (D. Mass. 2010) .....................................................................12

*Ferman v. Jenlis, Inc.*,
   224 F.Supp.3d 791 (S.D. Iowa 2016) ....................................................................12

*Fisher v. United Feature Syndicate*,
   No. 99-1162, 2000 U.S. App. LEXIS 1749 (10th Cir. 2000) ...........................11, 12

*Gordon v. Drape Creative, Inc.*,
   909 F.3d 257 (9th Cir. 2018) ...............................................................................5, 6

*Hidden City Phila. v. ABC, Inc.*
   No. 18-65, 2019 U.S. Dist. 32795 (E.D. Pa. March 1, 2019) ..................................7

*ITN Flix, LLC v. Univision Holdings, Inc.*,
   No. 2:15-cv-736, 2016 U.S. Dist. LEXIS 152389 (D. Utah Nov. 2, 2016)........11, 14

*Levi v. Twentieth Century Fox Film Corp.*,
   2018 U.S. Dist LEXIS (E.D. Va. March 29, 2018) ................................................12

*Mattel v. MCA Records*,
  296 F.3d 894 (9th Cir. 2002) ........................................................................................6

*Medina v. Dash Films, Inc.*,
  No. 15-cv-2551, 2016 U.S. Dist. LEXIS 91691 (S.D.N.Y. July 14, 2016)............................8

*Nicassio v. Viacom Int'l*,
  309 F. Supp. 3d 381 (W.D. Pa. 2018)................................................................................12

*Randolph v. Dimension Films*,
  630 F. Supp. 2d 741 (S.D. Tx. 2009)................................................................................12

*Rogers v. Grimaldi*,
  875 F.2d 994 (2nd Cir. 1989)................................................................................... passim

*Singleton v. Dean*,
  611 F. App'x 671 (11th Cir. 2015) ...................................................................................12

*Sporting Times, LLC v. Orion Pictures, Corp.*,
  No. 1:17-cv-00033, 2017 U.S. Dist. LEXIS 205691 (W.D. Ky. Dec. 13, 2017) ....................8

*Twentieth Century Fox TV v. Empire Distrib., Inc.*,
  875 F.3d 1192 (9th Cir. 2017) ................................................................................2, 3, 4

*Twin Peaks Prods. v. Publ'ns Int'l, Ltd.*,
  996 F.2d 1366 (2nd Cir. 1993)................................................................................4

*U.S. Olympic Comm. v. Am. Media Inc.*,
  156 F. Supp. 2d 1200 (D. Colo. 2001)................................................................................2, 3

*Utah Lighthouse Ministry v. Found. For Apologetic Info. & Res.*,
  527 F.3d 1045 (10th Cir. 2008) ................................................................................3, 4

*Valencia v. Universal City Studios LLC*,
  No. 1:14-cv-00528, 2014 U.S. Dist. LEXIS 174644 (N.D. Ga, Dec.18, 2014) ....................8

*Weber Luke Alliance, LLC v. Studio 1C Inc.*,
  233 F. Supp. 3d 1245 (D. Utah 2017)................................................................................12

*Zella v. E.W. Scripps Co.*,
  529 F. Supp. 2d 1124 (C.D. Cal. 2007) ................................................................12, 13

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ................................................................ passim

**STATUTES**

Lanham Act, 15 U.S.C. § 1125 ............................................................................................. 1, 2, 4

**OTHER AUTHORITIES**

First Amendment, Constitution of the United States ............................................................ passim

**INTRODUCTION**

This case directly implicates NatGeo's First Amendment right to title its programs in an artistically relevant, non-misleading manner.[1] Yet Stouffer insists that the Court should ignore the well-settled *Rogers* test – which was developed *precisely* to ensure that the Lanham Act is not used to quash the constitutional right of free speech in cases such as this one. Instead, Stouffer argues that the Court should look only to the traditional likelihood of confusion factors. He is wrong. He is similarly incorrect when he asserts that it is "premature" to decide, under *Rogers* or otherwise, the issues in this case at the pleadings stage. The Complaint contains all of the facts the Court needs to determine, right now, that the Lanham Act cannot be used to enjoin the titles of the NatGeo Programs. The same is true for Stouffer's unfair competition and copyright claims. On those, the Court should preclude Stouffer's attempt to cobble together a hodge-podge of wholly unprotectable elements into trade dress and copyright claims. As discussed below, and at length in NatGeo's Motion to Dismiss (ECF #23), all of Stouffer's claims should be dismissed with prejudice.

**ARGUMENT**

I.     **STOUFFER'S CLAIMS CONCERNING THE TITLES SHOULD BE DISMISSED UNDER THE *ROGERS* TEST AT THE PLEADINGS STAGE.**

Stouffer insists that there is a likelihood of confusion between his WILD AMERICA mark and the titles of the NatGeo Programs, and that therefore his trademark claims cannot be dismissed at the pleadings stage. However, there is simply no reason for the Court to go through the six-factor likelihood of confusion analysis when the Complaint is clear that the titles of the

---

[1]     Capitalized terms used herein are defined in NatGeo's Motion to Dismiss (ECF #23).

NatGeo Programs are protected by the First Amendment.  The Court should apply the well-reasoned and well-settled *Rogers* test and dismiss Stouffer's claims concerning the titles of the NatGeo Programs.  Doing so now, on a Rule 12(b)(6) motion, is not only *not* premature, but favored under these circumstances.

### A.      The Court Should Apply the *Rogers* Test.

This Court, like so many others, should look to the test first set forth in *Rogers v. Grimaldi* to consider the question of whether the Lanham Act should be permitted to trump NatGeo's First Amendment rights.  *Rogers v. Grimaldi,* 875 F.2d 994, 999 (2nd Cir. 1989).  Under the *Rogers* test, the Lanham Act cannot apply "to expressive works unless the use of the trademark or other identifying material has no artistic relevance to the underlying work whatsoever, or, if it has some artistic relevance, unless the trademark or other identifying material explicitly misleads as to the source or the content of the work.'" *Twentieth Century Fox TV v. Empire Distrib., Inc.*, 875 F.3d 1192, 1197 (9th Cir. 2017) (citing *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2nd Cir. 1989)) (internal quotations omitted).

Stouffer's insistence that the Tenth Circuit would rely only on a traditional likelihood of confusion analysis to address First Amendment concerns is misplaced.[2]  This Court has itself stated that the *Rogers* standard is "accepted doctrine" and cited its application to news publications.  *U.S. Olympic Comm. v. Am. Media Inc.*, 156 F. Supp. 2d 1200, 1209-10 (D. Colo. 2001).  In *U.S. Olympic Comm.*, the defendant did not even assert a *Rogers* defense, but this Court noted *sua sponte* that the *Rogers* test "could be applied to determine whether [defendant's]

---

[2]      In adopting *Rogers*, this Court would be joining an already impressive list of its sister courts around the country which apply the *Rogers* test to provide critical protection for the First Amendment right of free speech.  (*See* numerous citations in Motion to Dismiss, p. 8)

use of USOC's alleged marks in OLYMPICS USA either falsely denotes affiliation with or endorsement by the USOC or explicitly misleads the public about the content of the magazine." *Id.*

Stouffer cites to *Cardtoons* – a case which strongly supports NatGeo's position – for the proposition that the Tenth Circuit would not consider it necessary to apply *Rogers* in the context of trademark disputes. This is a significant overstatement of the court's ruling. The *Cardtoons* case concerns the "right of publicity." *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 962 (10th Cir. 1996). In *dicta*, the court notes that there are separate tests for protecting *parodies* in the trademark and copyright context. *Id.* at 970. The case at bar, by contrast, is not about parodies. Rather, it concerns the *titles of expressive works* – exactly the scenario in which courts typically apply the *Rogers* test. *See, e.g., Empire*, 875 F.3d at 1197-98.

Stouffer also cites *Utah Lighthouse* to support his position that the 10th Circuit would not follow *Rogers*. *Utah Lighthouse Ministry v. Found. For Apologetic Info. & Res.*, 527 F.3d 1045 (10th Cir. 2008). Stouffer gives an overly limited reading to this case as well. In fact, it does not appear that the court in *Utah Lighthouse* was ever even presented with an argument that the First Amendment (let alone the *Rogers* test) should apply in the case. Instead, the issue before the court was whether a parody website could lead to a likelihood of confusion. *Utah Lighthouse* did not address any First Amendment issues, and the court in no way rejected an adoption of the *Rogers* test. To the contrary, the 10th Circuit favorably noted that "[t]he First and Ninth Circuits have emphasized that trademark rights cannot be used 'to quash an unauthorized use of the mark by another who is communicating ideas or expressing points of view.'" *Id.* at 1052-53 (citation omitted). This, of course, is exactly what Stouffer is attempting to do here. In no way does *Utah*

3

*Lighthouse* support the conclusion that the 10th Circuit would not apply the *Rogers* test when considering whether the Lanham Act should apply to the titles of expressive works.

Stouffer's reluctance to admit that the *Rogers* test is both necessary and appropriate in this case is understandable. Simply put, under the *Rogers* analysis, NatGeo wins. For one, Stouffer does not even contest the first element, conceding that the titles of the NatGeo Programs are artistically relevant. (ECF #49, Plaintiffs' Opposition Brief, p.14) ("Resp. Br.") ("[The titles] satisfy the first prong's very 'low threshold' of artistic relevance.") Stouffer insists, however, that the Court cannot decide the second element, *i.e.*, whether the titles explicitly mislead as to the source or the content of the work, at the pleadings stage. As discussed in the next section, he is incorrect on this point. Stouffer then goes on to argue that even if the Court does apply the test on a motion to dismiss, he has pled sufficient facts to overcome a First Amendment defense. On this point too, Stouffer is wrong.

To be considered explicitly misleading, the relevant consideration is whether the defendant's use of the title "is misleading in the sense that it induces members of the public to believe [the work] was prepared or otherwise authored by the [plaintiffs]." *Twin Peaks Prods. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1379 (2nd Cir. 1993). In analyzing whether a title is explicitly or overtly misleading, the court must ask "whether there was an 'explicit indication,' 'overt claim,' or 'explicit misstatement' that caused such consumer confusion." *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1245 (9th Cir. 2013) (citation omitted). "The mere fact that a defendant used the plaintiff's trademark as the title of its work is not sufficient to satisfy this prong; the plaintiff must present evidence of an explicit misstatement as to the source of the work." *Empire*, 875 F.3d 1199. (internal citations omitted).

4

Here, three of the four titles do not even include the phrase "Wild America," and the fourth title (*Surviving Wild America*) adds an additional, distinctive word that describes the subject matter of the program.[3]  NatGeo cannot be found to be using the mark at all, let alone in the same manner as Stouffer.  The fact that Stouffer alleges that he had a prior relationship with NatGeo, and that the NatGeo Programs feature similar themes and ideas and a host with a beard is not enough to survive a motion to dismiss on this issue.  On the facts alleged (or that ever could be alleged) the NatGeo titles simply cannot be found to be explicitly misleading.[4]

Stouffer argues that even if the Court applies *Rogers*, NatGeo is trying to hold him to a "mechanical" version of the test supposedly rejected by the Ninth Circuit in *Gordon v. Drape Creative, Inc.* (Resp. Br., pp. 18-19);  *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 268 (9th Cir. 2018).  As an initial matter, NatGeo never suggested that this Court should not consider "all of the relevant facts and circumstances" as instructed in *Gordon*.  To the contrary – NatGeo urges the Court to do just that.[5]

In *Gordon*, the defendant used the plaintiff's mark inside of a greeting card, *not as a title*.  *See Gordon*, 909 F.3d at 268.  In remanding for further determination of the "explicitly

---

[3]     As discussed at length in the Motion to Dismiss, the Court should dismiss all of Stouffer's trademark-related claims concerning the titles of the NatGeo Programs.  However, NatGeo recognizes that the question of whether a particular title is "explicitly misleading" must be considered for each title individually.

[4]     This is made even clearer when one considers the parties' respective packaging (Compl. ¶¶ 67, 76).  NatGeo's packaging not only does not include any reference to Stouffer or *Wild America*, but prominently uses NatGeo's famous and distinctive yellow border, clearly indicating to consumers that NatGeo is the source of the programs. (*Id.*)

[5]     It is worth pointing out, as the *Gordon* court did, that *on every single prior occasion* in which the Ninth Circuit applied the *Rogers* test the court concluded that it barred a trademark infringement claim as a matter of law.

misleading" prong, the Ninth Circuit distinguished disputes over titles, because "*consumers do not expect titles to identify the origin of the work*." *Gordon*, 909 F.3d at 270 (citing *Mattel v. MCA Records*, 296 F.3d 894, 902 (9th Cir. 2002) (internal brackets omitted) (emphasis added). In addition to comparing the way the marks are used, the Ninth Circuit emphasized that "a second consideration relevant to the 'explicitly misleading' inquiry is the extent to which the junior user has added his or her own expressive content to the work beyond the mark itself." Critically, the court noted that "[i]n cases involving the use of a mark in the titles of an expressive work—such as the title of a movie, a song, a photograph, or a television show, the mark obviously served as only one element of the work and the junior user's artistic expression." *Id.* at 271 (internal citations omitted).  The critical distinctions highlighted by the court in *Gordon* – not to mention that court's nearly unbroken streak of holding that the First Amendment trumps trademark claims – only further underscores exactly why Stouffer's claims should not be permitted to proceed.[6]

The titles of the NatGeo Programs are First Amendment expression, and this Court should therefore look to *Rogers* and its progeny – as so many other courts have before – to ensure that NatGeo's rights are protected.  The Court should dismiss all of Stouffer's claims that relate to the titles of the four NatGeo Programs.

---

[6]     Reading Stouffer's brief, one might believe that *Gordon* was a dispute over the title of a television program, *i.e.*, "*Law & Order: Special Hip-Hop Unit*," as Stouffer makes no mention whatsoever of the actual facts of the case and the disputed line in a greeting card.  The *Gordon* court created that hypothetical program title only to suggest how the use of an *identical* title (one that clearly capitalizes on the LAW & ORDER family of marks) *might* have caused the *Empire* case to have been decided differently.  *Id.* at 270.  Here, there can be no allegation that NatGeo's titles are identical to, or in any way refer to Stouffer's *Wild America*.

**B.      The Court Can and Should Apply the *Rogers* Test On a Rule 12(b)(6) Motion.**

Stouffer argues that a First Amendment analysis is premature, pointing out that "all but two" of the cases cited by NatGeo dismissing trademark claims were decided on a motion for summary judgment or preliminary injunction.  (Resp. Br., p.14, n. 3).  First, the fact that some courts have addressed the issue of whether a title is explicitly misleading at later stages of a case is of no import when the question can be readily determined on the face of the Complaint, as is the case here.  NatGeo originally cited two cases, but it is not at all uncommon for courts to dismiss trademark claims on Rule 12(b)(6) motions when presented with circumstances analogous to those in this case.  Doing so prevents the tremendous waste of time and resources associated with completely unnecessary discovery.

For example, less than a month ago, in a case uncannily similar to this one, a district court granted a motion to dismiss on First Amendment grounds finding that a series of online journalistic videos produced under the *Hidden Philadelphia* title was protected from trademark infringement and trademark dilution claims from the owner of *Hidden City Philadelphia* "[b]ecause the title is 'artistically relevant' and does not 'explicitly mislead' as to the source or content of the videos." *Hidden City Phila. v. ABC, Inc.*, No. 18-65, 2019 U.S. Dist. LEXIS 32795 at *12-13 (E.D. Pa. March 1, 2019).  In the case, the court found the title was not explicitly misleading because "(1) it does not adopt Hidden City's name –Hidden *City* Philadelphia; (2) the Complaint contains no allegations to suggest Hidden City was affiliated with the videos; and (3) the videos themselves appear on the 6ABC website, feature the ABC logo, and state they are presented by the Philadelphia Zoo." *Id.* at 11.

7

In *Medina v. Dash Films*, the court found that the leader of a band called "Loisaidas," had failed to state a claim against a film series set to music using the identical title *Loisaidas* because "the work is a film," and "its title is artistically relevant to its content and not explicitly misleading as to any association with plaintiff's music duo." *Medina v. Dash Films, Inc.*, No. 15-cv-2551, 2016 U.S. Dist. LEXIS 91691 at *16 (S.D.N.Y. July 14, 2016); *see also Valencia v. Universal City Studios LLC*, No. 1:14-cv-00528, 2014 U.S. Dist. LEXIS 174644 at *21-22 (N.D. Ga, Dec.18, 2014) (dismissing case when facts alleged were "not sufficient to allow the [c]ourt to conclude that the title could explicitly mislead as to the source of the work"); *Sporting Times, LLC v. Orion Pictures, Corp.*, No. 1:17-cv-00033, 2017 U.S. Dist. LEXIS 205691 at *13-14 (W.D. Ky. Dec. 13, 2017) (dismissing various trademark-related claims on a motion to dismiss because defendant's film was an expressive work protected by the First Amendment and there was "no suggestion of sponsorship or partnership [with the plaintiff]… much less an 'overt misrepresentation.'")

Stouffer's claims are certainly no better (and in fact are meaningfully weaker) than those in the cases discussed above, all of which were dismissed on Rule 12 motions. Nothing that Stouffer alleged in the Complaint, or argued in his opposition brief, can change the fact that the titles of the NatGeo Programs are artistically relevant and do not explicitly mislead. No discovery or "fact gathering" is necessary: everything the Court needs to decide the issue – and protect NatGeo's First Amendment rights – is readily apparent from the Complaint. Stouffer's insistence that the Court delay the First Amendment considerations of this matter is unfounded. The Court should address these critical, constitutional issues on the instant Motion.

## II.     STOUFFER'S UNFAIR COMPETITION CLAIMS RELATING TO HIS PUTATIVE TRADE DRESS SHOULD BE DISMISSED.

Stouffer argues that NatGeo has "mischaracterized" (Resp. Br., p. 19) his claims of unfair competition because those claims, he now says, are the same as his trademark infringement claims.  (*Id.*) ("Plaintiffs have successfully pleaded their unfair competition claims by virtue of having successfully pleaded their trademark infringement claim.").  To the extent that Stouffer's unfair competition claims are intended to be identical to his trademark claims related to the *titles* of the NatGeo Programs, those claims should be dismissed on the First Amendment grounds discussed above and in the Motion to Dismiss.

But that is *not* what is alleged in the Complaint.  In fact, Stouffer makes repeated mention of his purported trade dress rights, and NatGeo's alleged infringement thereof, in his "Third Cause of Action – Federal Unfair Competition." (Compl., p. 21, and ¶¶ 137, 139).   For example, he claims that "the image of two big-horn rams butting head [sic] and host Marty Stouffer's on-screen persona *constitute protectable trade dress* which has developed an acquired distinctiveness or secondary meaning," and that NatGeo has "*misappropriated MSP's protectable trade dress* both in the packaging of the Infringing Series . . . and in the overall atmosphere of its programming."  (*Id.*, ¶¶ 137, 139) (emphasis added).  There is no possible way to interpret these allegations *other* than as a claim for trade dress infringement – NatGeo did not "mischaracterize" anything.[7]  Stouffer accuses NatGeo of "attempt[ing] to confuse the issue," but

---

[7]     If Stouffer is still asserting claims of trade dress infringement, he has also failed to plead the required element that his claimed trade dress is non-functional.  *See* Motion to Dismiss, pp. 19-20.

if these disappearing trade dress claims are confusing, that is Stouffer's fault, not NatGeo's. (Resp. Br., p. 19).

Despite not even mentioning the term "trade dress" anywhere in his response brief, Stouffer continues to assert protectable rights in completely unprotectable elements, such as (1) "Stouffer's distinctive look and history of raising a bear cub"; (2) "specific filming techniques"; and (3) "the iconic imagery in *Wild America's* opening credits" of the *Wild America* program, attempting to support the claim on the "totality of all these elements." (Resp. Br., p. 21).  While courts certainly may consider the totality of the circumstances in determining unfair competition, "a court must have a sufficient number of probative digits of unfairly competitive acts, or it cannot total to unfair competition as a matter of law."  *See B.H. Bunn Co. v. AAA Replacement Parts Co.*, 451 F.2d 1254, 1263 (5th Cir. 1971).  The fact that Stouffer's list of "unfair" acts are common tropes and ideas is highly relevant to, and makes easy work of, the determination that all of his trademark-related claims should be dismissed.  Indeed, even when these unprotectable elements are considered in their totality, as Stouffer insists they must be, the titles of the NatGeo Programs could never be considered "explicitly misleading." (*See* discussion, *supra*).

To the extent Stouffer is still asserting unfair competition or other claims based on trade dress infringement those claims should be dismissed.  (*See* Motion to Dismiss, pp. 11-20).  If, on the other hand, the trade dress allegations are merely to support Stouffer's infringement claims against the *titles* of the NatGeo Programs, those claims should be dismissed on the First Amendment grounds previously discussed.

### III.   STOUFFER'S CLAIMS OF COPYRIGHT INFRINGEMENT SHOULD BE DISMISSED AT THE PLEADINGS STAGE BECAUSE HE CANNOT CLAIM THAT A SINGLE PROTECTABLE ELEMENT OF THE *WILD AMERICA* SERIES HAS BEEN COPIED.

Stouffer concedes, as he must, that a claim for copyright infringement requires a plaintiff to prove that a defendant copied "*protected elements* of the copyrighted work." (Resp. Br., p. 22) (citing *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1285 (10th Cir. 1996) (emphasis added)).  But he then makes the bold and unsupportable statement that "the analysis to determine whether there is a protectable interest is not possible at the Rule 12 stage."  (*Id*. at p. 22).  Stouffer then goes on to try and distinguish a case from this Court that did *exactly* that.  (*Id*. at p. 25); *see Fisher v. United Feature Syndicate*, No. 99-1162, 611, 2000 U.S. App. LEXIS 1749 at *13-14 (10th Cir. Feb. 7, 2000) (upholding the district court's finding as a matter of law that the use of a detective dog is not entitled to copyright protection).

Stouffer argues that a determination of what constitutes a protectable interest cannot be decided on a motion to dismiss because doing so would require "the court to circumvent the [Tenth Circuit's] abstraction-filtration-comparison test." (Resp. Br., p. 23).  What Stouffer fails to realize, however, is that the Court does not need to apply the Tenth Circuit's test because Stouffer has failed to allege that *any protectable elements* have been infringed.  *See ITN Flix, LLC v. Univision Holdings, Inc.*, No. 2:15-cv-736, 2016 U.S. Dist. LEXIS 152389 at *15 (D. Utah Nov. 2, 2016) (granting motion to dismiss copyright infringement claims "[b]ecause Plaintiffs have not alleged that any *protectable* elements of their film have been infringed, they have failed at the first step of the abstraction-filtration-comparison test…").  Contrary to Stouffer's position that it is "not possible," courts in all eleven circuits have seen fit to dismiss

11

similar copyright claims at the motion to dismiss stage.[8]  The weight of authority supporting dismissal of copyright claims such as these on a motion to dismiss is overwhelming.

Stouffer argues that a determination of his copyright claim "requires a more fact intensive analysis and actual viewing of MSP's copyrighted *Wild America* content alongside the [NatGeo Programs]." (Resp. Br., p.23).  In support, he cites the Ninth Circuit's decision in *Metcalf*. (Resp. Br., p. 24).  Stouffer is not the first plaintiff to try and avoid dismissal by making a *Metcalf* argument and insisting that the court need to review dozens (if not hundreds) of hours of television programming to make a determination.[9]

For example, in *Zella v. Scripps*, the plaintiffs claimed the *Rachel Ray* program infringed their copyright in a program called *Showbiz Chefs*.  *Zella,* 529 F.Supp. 2d at 1138-39.  They argued that the court could not dismiss their case on a Rule 12 motion because all the episodes of the programs were not yet in evidence, and therefore the court could not compare them.  *Id*.  The plaintiffs also argued that under *Metcalf*, the court should not look at whether individual elements were protectable, but consider the elements when used in a particular sequence.  *Id*.

---

[8]      *Fisher,* 2000 U.S. App. LEXIS 1749 at \*13-14; *Singleton v. Dean*, 611 F. App'x 671, 672 (11th Cir. 2015); *Nicassio v. Viacom Int'l*, 309 F. Supp. 3d 381, 394-95 (W.D. Pa. 2018); *Levi v. Twentieth Century Fox Film Corp.*, 2018 U.S. Dist LEXIS at \*19 (E.D. Va. March 29, 2018); *Weber Luke Alliance, LLC v. Studio 1C Inc.*, 233 F. Supp. 3d 1245, 1254-55 (D. Utah 2017); *Ferman v. Jenlis, Inc.*, 224 F.Supp.3d 791, 807 (S.D. Iowa 2016); *Clark v. Dashner*, No. 14-00965, 2016 U.S. Dist. LEXIS 92517 at \*44 (D.N.M. June 30, 2016);  *Brown v. Twentieth Century Fox Home Entm't*, 2015 U.S. Dist. LEXIS 113560 at \*37 (E.D. Ky. Aug. 27, 2015); *Acker v. King*, 46 F. Supp. 3d 168, 175 (D. Conn. 2014); *Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d 357, 367 (D. Mass. 2010); *Randolph v. Dimension Films*, 630 F. Supp. 2d 741, 749 (S.D. Tx. 2009); *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124 (C.D. Cal. 2007).

[9]      According to the Complaint, Stouffer produced over 70 hours of television, and of course this does not take into account the many hours of the four NatGeo Programs. (Compl. ¶ 34).

First, the court rejected the argument about needing to watch all the episodes, holding that it would essentially give the plaintiffs a "free pass to the summary judgment stage." *Id.* Under plaintiffs' theory, the court cautioned, a party alleging copyright infringement in ongoing works (*i.e.*, book series or television series), could evade dismissal simply by alleging infringement of common elements by citing only a handful of specific examples. *Id.* The court went on to dismiss plaintiffs' copyright claims, holding that

> [the] claimed similarities between *Rachel Ray* and *Showbiz Chefs* consist of randomly selected similarities of generic elements . . . . Plaintiffs cannot merely cobble them together to make a *Metcalf* argument. To do so would give Plaintiffs a monopoly over these generic elements expressed as a television talk show featuring celebrity guests and cooking.

*Id.* (citing cases where "courts have been reluctant to expand this concept beyond the clear-cut case in *Metcalf.*")[10]  As discussed in the Motion to Dismiss (*see* pp. 20-25), Stouffer attempts to do the exact same thing in this case as the plaintiffs did in *Zella*, asking the Court to ignore the clearly unprotectable individual elements alleged and "cobble them together," giving him a monopoly over generic elements common to nature programs.

---

[10]    Comparing this case to *Metcalf*, Stouffer alleges that NatGeo mimics "the structure of introducing an animal, tracking the animal, viewing the animal in conflict and providing information about that specific animal," as well as featuring animals taking care of their young. (*Compl.,* ¶¶ 174, 176).  This is *vastly* different from the situation in *Metcalf*, which considered the copying of incredibly specific plot points of a scripted television show, e.g., (1) inner-city hospitals in Los Angeles (2) with main characters who were young, good looking, muscular black surgeons (3) who struggle with choosing between financial success and the emotional rewards of working in the inner city (4) and are involved in strained love triangles where (5) the main character and his original love interest are observed engaging in physical intimacy, and (6) whose hospitals are fighting with local politicians to remain accredited.  It strains credulity to compare this type of wholesale copying to Stouffer's claims of "two rams [that] head butt one another" and "voice-over narration by an iconic individual." (*Id.*).

13

Another remarkably analogous case is *ITN Flix,* in which the plaintiff alleged that the defendant infringed plaintiff's copyright in its film. *ITN Flix, LLC,* 2016 U.S. Dist. LEXIS 152389 at *15.  In support of its claim, the plaintiff alleged a number of similarities between the parties' films, including that: (1) both films are a law enforcement officer who takes vengeance on a person who killed his wife and daughter, and who does so by obtaining information on the streets; (2) both films end with a scene between a priest and a bad man; and (3) the lead actor in both films is Danny Trejo.[11]  Despite these compelling similarities, the court still found that the plaintiff had failed to identify *particular expressions that are protectable*.  "The [c]omplaint must contain factual allegations about protected expressions, not merely conclusions that the general plot ideas or characters have been duplicated."  *Id.* at *13.

Stouffer cannot protect the idea of a nature program.  "Indeed, where the protected work and the accused work express the same idea, the similarity that inevitably stems solely from the commonality of the subject matter is not proof of unlawful copying.'" *Country Kids 'N City Slicks, Inc.,* 77 F.3d at 1285 (citation omitted).  All of the claimed similarities between the works at issue stem from the inherent commonalities in nature programs, such as widely-used devices and *scènes à faire* like "voice-over narration," "segments of a nature program that focus on specific animals," "slow-motion shots of wild animals," and "two bighorn rams head-butting." (Compl., ¶ 176 a, b, c and d.).  Stouffer's claims of infringement are wide-ranging and varied,

---

[11]    Stouffer continues to assert that Casey Anderson, host of NatGeo's *America the Wild*, looks "uncannily similar" to Marty Stouffer.  (Resp. Br., p. 25).  Putting aside the fact that the two look absolutely nothing alike, it is interesting to note that in *ITN Flix*, the court considered two programs which had the *same lead actor* and still found that to be insufficient to show copyright infringement.

and appear to be cherry-picked from different (and for the most part unspecified) NatGeo Programs, but they have one thing in common: none of them can possibly succeed under even the most generous reading of copyright law.

No additional facts need to be developed for the Court to conclude that the alleged protectable elements are common to nearly all wildlife programming and absolutely not protectable by copyright.  Accordingly, because none of the asserted elements are protectable, the Court does not need to apply the "abstraction-filtration-comparison" test, and can dismiss all of Stouffer's copyright claims on this Rule 12 motion.

## CONCLUSION

For the foregoing reasons, and those discussed in NatGeo's Motion to Dismiss, NatGeo respectfully requests that the Court grant the instant motion and dismiss Stouffer's Complaint in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted this 27th day of March, 2019.

*/s/ Jason D. Rosenberg*
Jason D. Rosenberg
(Ga. Bar No. 510855)
Uly Sam Gunn
(Ga. Bar No. 261871)
Mary Grace Gallagher
(Ga. Bar No. 121954)
*Members of the U.S. District Court for the*
*District of Colorado Bar*


**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
(404) 881-7000 (phone)
(404) 881-7777 (fax)
jason.rosenberg@alston.com
marygrace.gallagher@alston.com

*Counsel for Defendants National Geographic*
*Partners, LLC, NGSP, Inc., NGHT, LLC d/b/a/*
*National Geographic Digital Media; NGC Network*
*US, LLC; and NGC Network International, LLC*

16

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MARTY STOUFFER and ) | |
| MARTY STOUFFER PRODUCTIONS, LTD; ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:18-cv-03127-WJM |
| ) | |
| NATIONAL GEOGRAPHIC PARTNERS, LLC; ) | |
| NGSP, INC.; ) | |
| NGHT, LLC, d/b/a NATGEO ) | |
| DIGITAL MEDIA; ) | |
| NGC NETWORK US, LLC; and ) | |
| NGC NETWORK INTERNATIONAL, LLC; ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ————————————————— ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing DEFENDANTS' REPLY MEMORANDUM

IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

with the Court's CM/ECF system, which will automatically serve a copy upon all counsel of

record.

This 27th day of March, 2019.

*/s/ Jason D. Rosenberg*
Jason D. Rosenberg, Esq.
Georgia Bar No. 510855
*Member of the U.S. District Court for the District of*
*Colorado Bar*